IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIWANIS MIYO JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:10cv523-MEF |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

On April 26, 2012, the petitioner filed a pleading styled as a "Motion for Supplemental Pleading Under Federal Rules of Civil Procedure Rule 15(d)," which this court construes to be a *motion for leave to amend* the 28 U.S.C. § 2255 motion to assert a new claim of ineffective assistance of counsel. (Doc. No. 14.) The petitioner's § 2255 motion was timely filed with this court on June 13, 2010. However, any new claim asserted by the petitioner after June 24, 2010 (i.e., one year after the petitioner's conviction became final), is untimely under 28 U.S.C. § 2255's one-year limitation period[1] unless the new claim "relates back" under Fed.R.Civ.P. 15(c) to claims presented in the original § 2255 motion. In pertinent part, Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

---

[1] Section 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year limitation period for motions filed pursuant to § 2255. The section became effective on April 24, 1996. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

pleading." Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Upon review of the pleadings in this case, it appears that the petitioner's new claim of ineffective assistance of counsel contained in his motion for leave to amend does <u>not</u> "relate back" to claims presented in his § 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); *Pruitt v. United States*, 274 F.3d 1315, 1318-19 (11th Cir. 2001); *Davenport*, 217 F.3d at 1344. Accordingly, it is

**ORDERED that on or May 25, 2012**, the petitioner shall show cause why his motion for leave to amend should not be denied as futile because the petitioner seeks to amend his § 2255 motion with a new claim that was not timely raised under 28 U.S.C. § 2255's one-year limitation period.

Done this 7th day of May 2012.

                                      /s/Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE