IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIWANIS MIYO JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:10cv523-MEF |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION**

The petitioner, Kiwanis Miyo Jones, has filed a motion, construed by this court as a Motion For Leave to Amend, by which he seeks leave to amend his 28 U.S.C. § 2255 motion to add a new claim that his trial counsel rendered ineffective assistance of counsel by failing to communicate to the prosecution that he wished to plead guilty rather than to proceed to trial. (Doc. No. 14.) Jones's conviction became final on June 24, 2009, when the United States Supreme Court denied his petition for a writ of certiorari. Although his § 2255 motion, which he filed on June 17, 2010, was timely under 28 U.S.C. § 2255's one-year limitation period, his Motion for Leave to Amend, which he filed on April 26, 2012, was filed well after the limitation period's expiration.

In order for Jones's amended claim to be considered timely here, it must "relate back" to the claims in his § 2255 motion in accordance with Federal Rule of Civil Procedure 15(c). *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir.2000). Rule 15(c) provides, in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

In order to "relate back" under Rule 15(c), an untimely § 2255 claim "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport*, 217 F.3d at 1344; *accord United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002); *Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002); *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000); *United States v. Duffus*, 174 F.3d 333 (3d Cir. 1999); *United States v. Craycraft*, 167 F.3d 451 (8th Cir. 1999). Rather, "in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Davenport*, 217 F.3d at 1344; *accord Hicks*, 283 F.3d at 388 ("both time and type") *Rodriguez*, 286 F.3d at 981 ("same set of facts" and "both time and type"); *Pittman*, 209 F.3d at 318 ("both time and type"); *Duffus*, 174 F.3d at 337 ("same set of facts"); *Craycraft*, 167 F.3d at 457 ("same set of facts" and "both time and type").

Thus, "[a]n untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the district court's discretion, relate back to the date of the original motion *if and only if ... the proposed amendment does not seek to add a new claim or to insert a new theory into the case.*" *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (emphasis in original) (citation omitted); *see also Rodriguez*, 286 F.3d at 981 ("[T]hese circuits have been uniform in their

2

denial of amendments that would add a new claim or theory of relief."). However, it is not sufficient for an untimely amendment merely to assert the same general type of legal claim as in the original § 2255 motion. *See United States v. Craycraft* where the Eight Circuit held that an untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely ineffective assistance claims for not pursuing a downward departure, not raising an objection at trial, and not challenging a prior conviction. *Craycraft*, 167 F.3d at 456-57. The court concluded that counsel's failure to appeal was "a separate occurrence in both time and type" from a failure to pursue a downward departure or to object at trial. Id. at 457; *see also Duffus*, 174 F.3d at 336 (claim of ineffective assistance for failure to move to suppress evidence did not relate back to claim of ineffective assistance on appeal).

In his § 2255 motion, Jones asserts the following claims:

1. He was improperly enhanced and sentenced to a term of life imprisonment upon conviction of Count 1 of the indictment, as an escape conviction is no longer considered a "crime of violence" for the purposes of enhancement pursuant to *Chambers v. United States*, 129 S.Ct. 687 (2009).

2. His counsel provided ineffective assistance by failing to argue that his prior escape conviction could not be used to enhance sentence under career offender statute, pursuant to 18 U.S.C., 3559(c)(3)(A).

3. His counsel provided ineffective assistance by failing to challenge the indictment in the case where the charges set out in the indictment failed to fully state completed acts and to inform Jones of maximum possible penalties.

This court's consideration of Jones's Motion for Leave to Amend in light of his

previous pleadings reveals that his new claim of ineffective assistance of counsel does not relate back to any of the claims set forth in his § 2255 motion. *See* Rule 15(c), Fed.R.Civ.P. The new claim arises from a set of facts different from those underlying the claims presented in the § 2255 motion and involves separate conduct and a separate occurrence in both time and type from the claims presented in the § 2255 motion. *Davenport*, 217 F.3d at 1344. Therefore, Jones's new claim is time-barred pursuant to § 2255's one-year limitation period.

Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires." Nevertheless, a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted). Because Jones's new claim is time-barred, his attempt to amend his § 2255 motion is futile. Accordingly, it is

ORDERED that Jones's Motion for Leave to Amend (Doc. No. 14) be and is hereby DENIED.

Done this 13th day of June, 2012.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE