IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIWANIS MIYO JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv523-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a *pro se* motion by federal inmate Kiwanis Miyo Jones ("Jones")
to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I.   BACKGROUND

On September 14, 2007, Jones was indicted for possession with intent to distribute
62.6 grams of crack cocaine (Count 1), 95.8 grams of powder cocaine (Count 2), 456.2 grams
of marijuana (Count 3), and 64.79 grams of ecstacy (Count 4), all in violation of 21 U.S.C.
§ 841(a)(1); possessing a firearm in furtherance of a drug trafficking offense, in violation of
18 U.S.C. § 924(c) (Count 5); and possession of a firearm by a convicted felon, in violation
of 18 U.S.C. § 922(g) (Count 6).  Before trial, the government filed notice of its intent to
seek sentencing enhancements under 21 U.S.C. §§ 841(b)(1)(A) and 851 based on Jones's
prior felony drug convictions in 1998 and 2006.

On January 16, 2008, a jury convicted Jones on all counts, finding that the amount of
crack was 50 grams or more, the amount of cocaine was less than 500 grams, and the amount

of marijuana was less than 100 kilograms.

In the presentence investigation report ("PSI"), the probation officer grouped Counts 1 through 4 and 6 together and assigned a base offense level of 30 due to the amount of drugs.[1]  The probation officer added 2 levels for role in the offense, resulting in an adjusted offense level of 32.  Jones, however, qualified as a career offender under U.S.S.G. § 4B1.1, which increased his offense level to 37, his criminal history category to VI, and his guidelines range to 360 months to life imprisonment.  Because the government had filed its intent to seek sentencing enhancements under §§ 841(b)(1)(A) and 851, the resulting statutory sentence was life imprisonment on Count 1.

On May 16, 2008, the district court sentenced Jones to life imprisonment on Count 1, 360 months' imprisonment on Counts 2 and 4, and 120 months' imprisonment on Counts 3 and 6, all to run concurrently.  The court sentenced Jones to 60 months' imprisonment on Count 5, to run consecutively to the other sentences.

Jones appealed to the Eleventh Circuit Court of Appeals, and on February 10, 2009, that court affirmed his convictions and sentence.[2]  Jones filed a petition for writ of certiorari with the United States Supreme Court, which that court denied on June 24, 2009.  *Jones v.*

_____

[1] Count 5, the § 924(c) count, required a statutory consecutive term of five years' imprisonment.  18 U.S.C. § 924(c).  Thus, this count was not grouped with the other counts for guidelines calculations.

[2] *See United States v. Jones*, 314 F. App'x 261 (11th Cir. Feb. 10, 2009).  On direct appeal, Jones challenged (1) the denial of his motion to suppress; (2) the sufficiency of the evidence to sustain his convictions; (3) the use of hearsay statements at sentencing; and (4) the application of enhanced penalties under 21 U.S.C. § 841(b)(1)(A) and the career offender guideline.

*United States*, 129 S.Ct. 2807 (2009).

On June 13, 2010, Jones filed this § 2255 motion, presenting the following grounds

for relief:

1.     He is "actually innocent" of being a career offender and is
       entitled to resentencing on Count 1 of the indictment without
       application of the career offender enhancement because, in light
       of the Supreme Court's decision in *Chambers v. United States*,
       555 U.S. 122 (2009), his prior conviction for third-degree
       escape, which the district court found to qualify as a "crime of
       violence" in its career-offender determination, is no longer a
       crime of violence for purposes of the career offender guideline.

2.     His trial counsel rendered ineffective assistance of counsel by
       failing to argue that, pursuant to 18 U.S.C. § 3559(c)(3)(A), his
       prior escape conviction was not a serious violent felony and
       therefore should not be considered in determining his career
       offender status.

3.     His trial counsel rendered ineffective assistance of counsel by
       failing to challenge Counts 1 through 4 of the indictment where
       the charges set out in these counts did not fully state completed
       acts or inform him of the possible associated penalties.

Doc. Nos. 1-2.[3]

After due consideration of Jones's § 2255 motion, the supporting and opposing

submissions, and the record in this case, the court concludes that an evidentiary hearing is

not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in

the United States District Courts*, the § 2255 motion should be denied.

---

[3] References to document numbers ("Doc. No.") are to those assigned by the Clerk of the
Court in the instant action, unless otherwise noted.  Page references in the pleadings are to those
assigned by CM/ECF.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged

4

constitutional violation "has probably resulted in the conviction of one who is actually innocent[.]"

### B.    "Actual Innocence" of Being Career Offender

Jones contends that he is "actually innocent" of being a career offender and is entitled to resentencing on Count 1 of the indictment[4] without application of the career offender enhancement because, in light of the Supreme Court's intervening decision in *Chambers v. United States*, 555 U.S. 122 (2009), his prior conviction for third-degree escape, which the district court found to qualify as a "crime of violence" in its career-offender determination, is no longer a crime of violence for purposes of the career offender guideline.  Doc. No. 1 at 4-14; Doc. No. 2 at 6-10.

In the PSI, the probation officer found that Jones qualified as a career offender within the meaning of U.S.S.G. § 4B1.1 based on his 1997 Alabama conviction for third-degree escape and his 2006 Alabama convictions for distributing a controlled substance (two counts).[5]  *See* PSI at 9, ¶ 31.  The career offender enhancement increased Jones's offense

---

[4] Under Count 1, Jones was convicted of possession with intent to distribute 50 grams or more of crack cocaine.

[5] In order to qualify as a career offender under U.S.S.G. § 4B1.1, a defendant must have been at least eighteen years old at the time the defendant committed the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions for either a "crime of violence" or a controlled substance offense.  *See* U.S.S.G. § 4B1.1(a).  Under the sentencing guidelines, a "crime of violence" is defined as a felony under federal or state law that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  *See* U.S.S.G. § 4B1.2(a).

level to 37, his criminal category history to VI, and his guidelines range to 360 months to life imprisonment.  When Jones was sentenced, controlling law in the Eleventh Circuit provided that a felony conviction for escape qualified as a "crime of violence" under the career offender guideline.  *See United States v. Gay*, 251 F.3d 950, 954-55 (11th Cir. 2001); *see also See United States v. Taylor*, 489 F.3d 1112, 1113-14 (11th Cir. 2007) (reaffirming holding in *Gay* and additionally holding that escape constitutes a "violent felony" for purposes of determining armed career criminal status under the Armed Career Criminal Act ("ACCA"), 21 U.S.C. § 922(e).  However, in *Chambers v. United States*, 555 U.S. 122 (2009), the Supreme Court held that a felony conviction for "failure to report" for penal confinement is not a "violent felony" under the ACCA.[6]  *Chambers*, 555 U.S. at 123.  Jones contends that, under *Chambers*, his prior Alabama conviction for escape would not now qualify as a "crime of violence" for purposes of the career offender guidelines and that, therefore, he is "actually innocent" of being a career offender.  He argues that he is entitled

---

[6] *Chambers* examined the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA").  However, because the definition of a "crime of violence" for application of the career offender enhancement under U.S.S.G. § 4B1.2 is virtually identical to the definition of "violent felony" under the ACCA, the same analysis is used to determine whether a prior conviction qualifies as a "violent felony" under the ACCA or a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)-(2).  *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010).  *See also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2.").  The Eleventh Circuit has applied the reasoning in *Chambers* to hold that a walk-away escape from a penal institution is not a crime of violence.  *United State v. Lee*, 586 F.3d 859, 873 (11th Cir. 2009) (finding that a non-violent walk-away escape is not properly classified as a violent felony under the ACCA because it is not "roughly similar, in kind as well as in degree of risk posed, to arson, burglary, extortion, or crimes involving the use of explosives).

6

to be resentenced on Count 1 of the indictment without application of the career offender enhancement.  Jones's claim for relief lacks merit.

First, in *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("*Gilbert II*"), the Eleventh Circuit expressly rejected the argument that a defendant could be convicted of – or actually innocent of – being a career offender.  Holding that "actual innocence" does not apply to a career offender designation, because status as a career offender is not a separate offense, the Eleventh Circuit stated:

> A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement . . . .  Gilbert's position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument . . . .

640 F.3d at 1320.  *See also McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011); *Bido v. United States*, 438 F. App'x 746 (11th Cir. Jul. 20, 2011); and *Orso v. United States*, 452 F. App'x 912 (11th Cir. Jan. 17, 2012).  Thus, Jones cannot be "actually innocent" of being a career offender.

More importantly for purposes of Jones's claim for relief, the career offender enhancement did not determine Jones's actual sentence.  The sentence the district court imposed for Count 1 (and for Counts 2 through 4, as well) was imposed pursuant to the mandatory statutory enhancement provided for under 21 U.S.C. §§ 841(b)(1)(A) and 851.  Section 841(b)(1)(A) provides for a mandatory life sentence for a defendant convicted of possession with intent to distribute 50 grams or more of crack cocaine if the defendant has

two or more prior convictions for felony drug offenses.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).

Before the court may impose the enhanced sentence, the government must serve notice,

identifying the prior convictions on which the enhancement relies.  *See* 21 U.S.C. § 851(a).

Prior to Jones's trial, the government filed notice of its intent to seek sentencing

enhancements under §§ 841(b)(1)(A) and 851 based on Jones's prior felony drug convictions

in 1998 and 2006.[7]  Accordingly, Jones's resulting statutory sentence was life imprisonment

on Count 1.[8]  Because Jones's term of imprisonment was set by statute, the guidelines

calculation – and Jones's classification as a career offender – was no longer relevant.  Thus,

even assuming that his prior conviction for third-degree escape should not have been

considered as a "crime of violence" for purposes of the career offender guideline, Jones's

qualification as a career offender had no effect on his sentence.  Consequently, Jones is not

entitled to any relief based on this claim.

### C.    Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is governed by the standards of *Strickland*

*v. Washington*, 466 U.S. 668 (1984).  *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th

Cir. 2006).  Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that

---

[7] The Government's notice listed the following felony drug convictions:  Jones's May 1998 conviction in Alabama for first-degree possession of marijuana and Jones's January 2006 convictions in Alabama for two counts of distributing a controlled substance, one count of possession of cocaine, and one count of first-degree possession of marijuana.  *See* Case No. 07cr204-MEF, Doc. No. 34.

[8] On direct appeal, the Eleventh Circuit held that the district court properly applied the §§ 841(b)(1)(A) and 851 statutory enhancement at Jones's sentencing.  *See United States v. Jones*, 314 F. App'x 261 (11th Cir. Feb. 10, 2009).

8

"counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)

9

("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

> ### 1.   *Failure to Challenge Career Offender Classification Based on 18 U.S.C. § 3559(c)(3)(A)*

Jones contends that his trial counsel rendered ineffective assistance of counsel by failing to argue that, pursuant to 18 U.S.C. § 3559(c)(3)(A), his prior escape conviction was not a serious violent felony and therefore should not be considered in determining his career offender status. Doc. No 1 at 5-6; Doc. No. 2 at 10-14. Section 3559(c)(3)(A), which is part of the statute popularly known as the "Three Strikes Law," applies to defendants convicted of a third serious violent felony and, in cases where a sentence of mandatory life imprisonment is otherwise implicated, provides that a prior conviction may be deemed to be a nonqualifying felony if it is proven by clear and convincing evidence that no firearm or other dangerous weapon was used or threatened and the offense did not result in death or

serious bodily injury to any person.  *See* 18 U.S.C. § 3559(c)(3)(A).

The "Three Strikes Law," 18 U.S.C. § 3559(c), states in pertinent part:

Imprisonment of certain violent felons.–

> (1) Mandatory life imprisonment.– Notwithstanding any other provision of law, *a person who is convicted in a court of the United States of a serious violent felony* shall be sentenced to life imprisonment if –
>
>> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of –
>>
>> (i) 2 or more serious violent felonies; or
>>
>> (ii) one or more serious violent felonies and one or more serious drug offenses; and
>>
>> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.
>>
>> . . . .
>>
>> *(F) the term "serious violent felony" means –*
>>
>> *(i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242);*

11

*abusive sexual contact (as described in sections 2244 (a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses; and*

*(ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense*;

(G) the term "State" means a State of the United States, the District of Columbia, and a commonwealth, territory, or possession of the United States; and

*(H) the term "serious drug offense" means –*

*(i) an offense that is punishable under section 401(b)(1)(A) or 408 of the Controlled Substances Act (21 U.S.C. 841(b)(1)(A), 848) or section 1010(b)(1)(A) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)(1)(A)); or*

*(ii) an offense under State law that, had the offense been prosecuted in a court of the United States, would have been punishable under section 401(b)(1)(A) or 408 of the Controlled Substances Act (21 U.S.C. 841(b)(1)(A), 848) or section 1010(b)(1)(A) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)(1)(A)).*

12

*(3) Nonqualifying felonies.* –

(A) Robbery in certain cases.– Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that -

(i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and

(ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

(B) Arson in certain cases.– Arson shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that –

(i) the offense posed no threat to human life; and

(ii) the defendant reasonably believed the offense posed no threat to human life.

18 U.S.C. § 3559(c) (emphasis added).

Clearly, the "Three Strikes Law" – and § 3559(c)(3)(A) in particular – is inapplicable to the career offender guideline.  Further, by the plain language of the statute, the "Three Strikes Law" is inapplicable in cases – like Jones's – where the *instant* offense of conviction

13

is *not* a serious crime of violence.[9]  It is apparent that Jones's sentence was not enhanced under the "Three Strikes Law.  Moreover, although Jones's trial counsel did not invoke § 3559(c)(3)(A), the record belies any claim by Jones that his counsel did not argue vigorously against his classification as a career offender on the basis that his prior non-violent escape should not be treated as a crime of violence for purposes of the career offender guideline.  Finally, as indicated above in Part II.B of this Recommendation, Jones's term of imprisonment was determined by the mandatory statutory enhancement provided for under 21 U.S.C. §§ 841(b)(1)(A) and 851, and his classification as a career offender had no effect on the sentence actually imposed.  The enhanced penalties imposed under §§ 841(b)(1)(A) and 851 were based on Jones's prior felony drug convictions in 1998 and 2006, and any argument relying on § 3559(c)(3)(A) that those felony drug convictions should not be considered for purposes of the statutory enhancement under §§ 841(b)(1)(A) and 851 would have been wholly without merit.  Counsel is not ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

For the reasons stated above, the court concludes that Jones has failed to show that his counsel's performance in this regard was deficient and that such performance prejudiced

---

[9] The statute applies to "a person who is convicted in a court of the United States of *a serious violent felony*." 18 U.S.C. § 359(c)(1) (emphasis added).  Under the statute, an offense is a "serious violent felony" if it meets one of several sets of criteria, one of which is that the offense is "punishable by a maximum term of imprisonment of 10 years or more [and] . . . by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."  18 U.S.C. § 3559(c)(2)(F)(ii).

his case.  *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984).  Therefore, he is not entitled to any relief based on this claim.

### 2.    *Failure to Challenge Counts 1 Through 4 of the Indictment*

Finally, Jones contends that his trial counsel rendered ineffective assistance of counsel by failing to challenge Counts 1 through 4 of the indictment where the charges set out in these counts did not fully state completed acts or inform him of the possible associated penalties.  Doc. No. 1 at 7-8; Doc. No. 2 at 15-21.

Jones's claim notwithstanding, Counts 1 through 4 of the indictment properly tracked the language of the applicable statute (21 U.S.C. § 841(a)(1)) and specifically set out the drug types and quantities the government alleged and would be required to prove before the trier of fact.  Count 1 charged Jones with possession with intent to distribute 62.6 grams of crack cocaine; Count 2 charged him with possession with intent to distribute 95.8 grams of powder cocaine; Count 3 charged him with possession with intent to distribute 456.2 grams of marijuana; and Count 4 charged him with possession with intent to distribute and 64.79 grams of ecstacy.  Prior to trial, the government filed notice of its intent to seek sentencing enhancements under 21 U.S.C. §§ 841(b)(1)(A) and 851 based on Jones's prior felony drug convictions.[10]  Finally, to the extent that Jones suggests that the indictment was deficient because it did not allege the prior convictions that rendered him subject to enhanced penalties

---

[10] The record also reflects that Jones was apprised of the maximum penalties he faced at his October 23, 2007, arraignment.  *See* Case No. 07cr204-MEF, Doc. No. 14.

under §§ 841(b)(1)(A) and 851, the Eleventh Circuit has firmly rejected the claim that prior convictions must be charged in the indictment or proven to a jury.  *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315-15 (11th Cir. 2005); *see also, e.g., United States v. Martinez-Blanco*, 351 F. App'x 339, 341 (11th Cir. Oct. 5, 2009).

Because the indictment was not lacking, Jones's counsel was not ineffective for failing to raise a meritless claim.  *Chandler v. Moore*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 19, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of July, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

17